◼ DOROTHEA K. H. GRAY, as Executrix of DONALD A. GRAY, Deceased, Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant.— Order, entered December 19, 1963, denying motion to dismiss amended complaint affirmed, without costs or disbursements. The complaint originally consisted of two causes of action. The first was based on an insurance policy which insured the plaintiff's testator from damage resulting from certain risks in regard to his home. The second was for damages, consisting apparently of attorney's fees, because defendant had refused to pay the claim embraced in the first cause of action. This cause of action was dismissed on motion. The amended complaint has but one cause of action. It alleges the same facts originally pleaded in the first cause of action. It goes on to allege that defendant negligently failed to make a proper investigation of the claim and that, as a consequence, plaintiff suffered damage in an amount equal to the amount originally claimed in both causes of action. We regard the complaint as stating a cause of action for failure to pay a claim for an insured risk. The damage would be the injury to the insured premises. The allegations of paragraphs thirteenth through seventeenth and paraagraph nineteenth have no apparent relevancy to the cause of action as pleaded, but the inclusion of them does not require the dismissal of the amended complaint. Concur — Rabin, J. P., Stevens, Eager, Steuer and Bastow, JJ.

◼ ESTHER BRAM, Appellant, v. FERDINAND ROTH, as Commissioner of Real Estate of the City of New York, et al., Respondents.— Judgment dismissing the complaint at the close of plaintiff's case, unanimously affirmed, with $50 costs and disbursements to the respondents. The ultimate conclusion of the trial court that the complaint should be dismissed was correct. Concur — Rabin, J. P., Stevens, Eager, Steuer and Bastow, JJ.

◼ MELVIN KENT, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— Order entered October 21, 1965, denying defendant's motion made pursuant to CPLR 3101 (subd. [d]) and 3103, for a protective order against the examination before trial by plaintiff of defendant's independent auditor, employed by defendant to audit plaintiff's books under the policy of robbery and burglary insurance upon which plaintiff has brought suit herein, reversed on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to the defendant-appellant, and the motion granted. After the alleged burglary and before suit was brought, defendant employed the auditor to examine plaintiff's books with respect to the loss, in anticipation of a claim therefor. In its answer to the complaint, defendant alleges as an affirmative defense that plaintiff failed to keep books and records of the insured property